IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE, MAGAÑA, pro se,

    Petitioner,

vs.                                                No. CIV 13-0211 JB/RHS

WARDEN, VAUGHN, CCA,
MILAN WARDEN; FEDERAL
BUREAU OF PRISONS. (BOP),

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under rules 1(b) and 4 of the Rules Governing Section 2254 Cases, on Petitioner's Motion Pursuant to 28 U.S.C. § 2241, Writ of Habeas Corpus, filed March 5, 2013 (Doc. 1)("Petition").  According to rule 1(b) of the Rules Governing Section 2254 Cases, "[t]he district court may apply any or all of these [§ 2254] rules to a habeas corpus petition not [filed by a person in custody under a state-court judgment]."  And under rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  The Court will dismiss Petitioner Jose Magaña's Petition.

Magaña is confined in New Mexico, serving a sentence imposed by a United States District Court in California.  He alleges in his petition that the Federal Bureau of Prisons ("BOP") arbitrarily transferred him from California to New Mexico.  He asserts that the transfer affects "the health and also the well being physically and mentally of Petitioner's Child[ren]," Petition at 10, who reside in California.  Magaña contends that the BOP's actions violate his rights under the Due Process Clause by denying "'the right of children to associate with their parents.'"  Petition at 13.  He states that he has sought administrative relief "to be housed in an

institution closer to his family." Petition at 9. Magaña's prayer for relief asks the Court to "grant relief to Petitioner children so they can visit with their parent." Petition at 15.

Magaña's claim is not cognizable in this habeas corpus petition. As the United States Court of Appeals for the Tenth Circuit stated in another § 2241 proceeding: "The gravamen of [petitioner's] petition is not his release from custody, but his transfer. . . . The remedies available under § 2441 will not permit him that relief." Green v. Knowles, No. CIV 98-1008, 1998 WL 458561, at **2 (10th Cir. Aug. 3, 1998)(citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).

> In sum, Section 2241 may be used to challenge the underlying authority of an entity to hold a prisoner in custody, whether that entity is a separate jurisdiction or a private company. It may not be used to challenge a prisoner's placement within a given jurisdictional entity, such as the federal prison system. Such an action must instead be brought under Bivens[ v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),] or [42 U.S.C.] Section 1983.

Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001). Under the cited authorities, to the extent Magaña seeks transfer to another BOP facility, the Court may not grant habeas corpus relief on his allegations.

Furthermore, and alternatively, the Court may not "grant relief to Petitioner children," as Magaña requests in his petition. A habeas corpus petitioner must be in custody at the time of filing a petition, see § 2241(c)(3), and Magaña makes no such allegation about his children. "A petitioner must satisfy the 'in custody' requirement as a prerequisite to habeas corpus jurisdiction[, although a] petitioner need not show actual, physical custody to obtain relief." Dry v. CFR Court of Indian Offenses for Choctaw Nation, 168 F.3d 1207, 1208 (10th Cir. 1999) (internal citations omitted). Even assuming for purposes of this order that Magaña's allegations state a due process claim on behalf of the children, the children are not in custody, and the Court may not grant them relief under the habeas corpus statutes. "[I]t plainly appears . . . that [Magaña] is not entitled to relief," rule 4, and the Court will dismiss this petition.

**IT IS ORDERED** that Petitioner Jose Magaña's Motion Pursuant to 28 U.S.C. § 2241, Writ of Habeas Corpus, filed March 5, 2013 (Doc. 1), is dismissed without prejudice to his right to seek relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), or 42 U.S.C. § 1983; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jose Magaña
Cibola County Correctional Center
Mila, New Mexico

    *Petitioner pro se*